UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALINOR HOLDINGS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>VIVIAN J. TOLIVER,<br><br>    Defendant. | No. 2:25-cv-00491-DJC-SCR<br><br>ORDER |

Plaintiff Valinor Holdings, LLC, brought this unlawful detainer action against Defendant Vivian J. Toliver under California state law on September 4, 2024. On February 10, 2025, Defendant filed a Notice of Removal in federal court, seeking to remove the action from Sacramento County Superior Court. (*See* Not. of Removal (ECF No. 1).)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and

1

the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The strong presumption against removal jurisdiction means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042. That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)). Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (quoting *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989)). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim, or that a defense or counterclaim would arise under federal law.").

Here, Defendant seeks removal on the basis of federal question jurisdiction, 28 U.S.C. § 1441(a), arguing Plaintiff has violated, as relevant here, her rights under 15

U.S.C. § 1681. (*See* Removal Not. at 2–3.) However, a review of the complaint filed in state court shows that Plaintiff did not raise a federal claim in that complaint. (Removal Not. at 5–6.) Rather, Plaintiff brings a straightforward unlawful detainer action against Defendant, which is a matter purely of state law. Defendant's reliance on federal law in defending against Plaintiff's state law claim does not suffice to confer jurisdiction on this Court because the defensive invocation of federal law cannot form the basis of this Court's jurisdiction. *See California*, 215 F.3d at 1014. Because there is no federal question appearing in Plaintiff's complaint, Defendant has failed to properly invoke this Court's jurisdiction. Remand to the Sacramento County Superior Court is therefore appropriate and mandatory. 28 U.S.C. § 1447(c); *see, e.g., Wells Fargo Bank NA v. Zimmerman*, No. 2:15-CV-08268-CAS-RWX, 2015 WL 6948576, at *3 (C.D. Cal. Nov. 10, 2015) (collecting cases in which courts remanded the matter back to state court where the only claim alleged was an unlawful detainer action).

Accordingly, the Court hereby REMANDS this case to Sacramento County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated: **February 21, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE